DENNIS S. ELLIS (SB# 178196)
dennisellis@paulhastings.com
KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
NICHOLAS J. BEGAKIS (SB# 253588)
nickbegakis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
L'OREAL USA, INC. and L'OREAL USA PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE ALTAMURA; and LISA PEARLY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>L'OREAL, USA, INC. and L'OREAL USA PRODUCTS, INC.,<br><br>Defendants. | CASE NO. CV11-05465-CAS (JCx)<br><br>**DECLARATION OF NICHOLAS J. BEGAKIS IN SUPPORT OF L'OREAL'S OPPOSITION TO PLAINTIFFS' MOTION FOR (1) RELIEF FROM THE REQUIREMENTS OF LOCAL RULE 23-3 AND (2) TO CONSOLIDATE**<br><br>Date:  September 19, 2011<br>Time:  10:00 a.m.<br>Courtroom: 5<br><br>Hon. Christina A. Snyder |

# DECLARATION OF NICHOLAS J. BEGAKIS

I, Nicholas J. Begakis, hereby declare, and state as follows:

1. I am an associate at the law firm of Paul Hastings LLP, counsel of record for Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. (collectively "L'Oréal") in this action. In addition, Paul Hastings was counsel of record for L'Oréal in the action entitled Altamura v. L'Oréal USA, Inc., Southern District of New York Case Number 11CV0799 (the "New York Action"). I am substantially familiar with the proceedings in the New York Action. I am an attorney licensed to practice in the State of California and before this Court. I have personal knowledge of the facts set forth below except where stated on information and belief and if called as a witness, I would and could competently testify thereto.

2. On or about February 4, 2011, Plaintiffs filed their Complaint in the New York Action.

3. On February 23, 2011, this office sent correspondence to Plaintiffs' counsel, addressing, in detail, the defects in Plaintiffs Complaint in the New York Action and advising Plaintiffs that if they failed to amend their Complaint to correct these defects, L'Oréal would move to dismiss the Complaint. A true and correct copy of that letter is attached hereto as Exhibit A.

4. In response to that letter, Plaintiffs agreed to amend their Complaint to correct the defects. Plaintiffs filed a First Amended Complaint ("FAC") on March 18, 2011.

5. On March 15, 2011, the parties attended an initial pretrial and scheduling conference before Judge Sheindlin in the New York Action. In preparation for that conference, the parties held an initial meeting of counsel in which they discussed the case. Subsequently, the parties negotiated and prepared a joint scheduling order to present at the pretrial conference.

6. At the conference on March 15, 2011, the parties discussed, in some detail, the nature of Plaintiff's claims and L'Oréal's anticipated defenses as well as issues related to discovery and class certification.

7. On April 7, 2011, I sent correspondence to Plaintiffs' counsel advising Plaintiffs that their FAC remained defective and setting forth, in detail, L'Oréal's arguments in that regard. A true and correct copy of that letter is attached hereto as Exhibit B.

8. On April 13, 2011, the parties attended another scheduling conference before Judge Sheindlin. At that conference, the parties again discussed the nature of Plaintiffs' claims and L'Oréal's defenses, potential discovery, and related issues. This office informed the Court that Plaintiffs' counsel had previously represented that he would evaluate Plaintiffs' claims and, to the extent they were without merit, amend or dismiss, and Plaintiffs' counsel did not deny the same. A true and correct copy of the relevant excerpt of the transcript from the April 13, 2011 scheduling conference is attached hereto as Exhibit C.

9. On April 15, 2011, L'Oréal moved to dismiss the FAC and moved to strike Plaintiffs' class allegations. Plaintiffs' counsel demanded a pre-motion conference on the motion to strike class allegations. On April 22, 2011, L'Oréal sent detailed correspondence to the Court setting forth its arguments on the motion to strike and requesting a pre-motion conference. A true and correct copy of that letter is attached hereto as Exhibit D.

10. On April 20, 2011, L'Oréal served its Initial Disclosure in the New York Action.

11. On April 27, 2011, Plaintiffs responded to that letter and set forth the substance of their arguments on various class certification issues. A true and correct copy of that letter is attached hereto as Exhibit E.

12. On May 3, 2011, the court held a pre-motion conference on the motion to strike. True and correct copies of relevant portions of the transcript of that hearing are attached hereto as Exhibit F.

13. On May 5, 2011, Plaintiffs filed a notice of voluntary dismissal of the New York Action.

14. On June 30, 2011, Plaintiffs filed their Complaint in the above entitled action.

15. L'Oréal promptly field and served its Answer and Affirmative Defenses in this Action on July 22, 2011. On that date, I sent correspondence to Plaintiffs' counsel advising that the Answer had been filed and indicating that L'Oréal intended to insist upon strict compliance with Local Rule 23-3. In that letter, I inquired as to what information Plaintiffs would need to comply with the rule. A true and correct copy of the letter is attached hereto as Exhibit G.

16. On August 2, 2011, I sent correspondence to Plaintiffs' counsel again inquiring as to what information Plaintiffs' required to prepare their motion for class certification. A true and correct copy of that letter is attached hereto as Exhibit H.

17. On August 3, 2011, Plaintiffs counsel sent an email to counsel for L'Oréal in an attempt to schedule a meet and confer regarding a proposed motion to consolidate. Later that day, I responded to that email and, yet again, inquired as to what information Plaintiffs required from L'Oréal to prepare their motion for class certification. A true and correct copy of an email chain including both emails is attached hereto as Exhibit I.

18. On August 4, 2011, Plaintiffs' counsel responded and demanded that L'Oréal respond to broad-based discovery previously served in the New York Action. A true and correct copy of that letter is attached hereto as Exhibit J.

19. On August 8, 2011, I sent correspondence to Plaintiffs' counsel again setting forth L'Oréal's position with regard to Local Rule 23-3 and again

inquiring as to what specific documents and testimony Plaintiffs required to prepare their motion for class certification. A true and correct copy of that letter is attached hereto as Exhibit K.

20. On August 16, 2011, I received an email from Plaintiffs' counsel in which she accused L'Oréal of refusing to provide discovery. On August 18, 2011, I responded to that email and advised Plaintiffs counsel that Plaintiffs had yet to ask for a single specific category of documents or testimony despite numerous previous requests. Additionally, I attached a draft proposed protective order to that email and advised Plaintiffs that such an order needed to be executed to facilitate document production. A true and correct copy of an email chain including both emails is attached hereto as Exhibit L.

21. On August 22, 2011, L'Oréal served its Initial Disclosure in this case. The Disclosure was substantially identical to the Disclosure served in the New York Action on April 20, 2011.

22. On August 22, 2011, the parties attended the Rule 26 Conference. Plaintiffs continued to insist that L'Oréal respond to all discovery served in the New York Action and failed to offer specific categories of information necessary to prepare the motion for class certification. Plaintiffs indicated that they would provide available dates to proceed with depositions of L'Oréal witnesses and would provide a list of categories for a Rule 30(b)(6) deposition. As of this date Plaintiffs have not done so.

23. On August 26, 2011, while this Opposition was being prepared, Plaintiffs, for the first time in this action, served a request for production of documents. A true and correct copy of which is attached hereto as Exhibit M.

24. Attached hereto as Exhibit N is a true and correct copy of a brief filed with the Judicial Panel on Multidistrict Litigation ("MDL Brief") by the Plaintiffs in the Guido Action.

1  25. In the MDL Brief, attached hereto as Exhibit N, the Guido plaintiffs rejected the concept of consolidation, succinctly stating that, "individualized issues of fact and law clearly predominate over common issues."

26. The Guido Plaintiffs also indicated in their MDL Brief, attached hereto as Exhibit N, that a consolidation of actions in this Court was less preferable to a consolidation of actions in the Southern District of New York.

27. Attached hereto as Exhibit O is a true and correct copy of L'Oréal's Memorandum of Law in Response to Plaintiff Jessica Motta's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, filed with the Judicial Panel on Multidistrict Litigation on April 5, 2011.

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct.

Executed this 29th Day of August, 2011, at Los Angeles, California.

*[signature]*

NICHOLAS J. BEGAKIS