UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5465 CAS (JCx); Consolidated with CV 11-1067 CAS (JCx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL.; Consolidated with JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| David Parisi | Dennis Ellis |
| Grace Tersigni | Katherine Murray |

**Proceedings:**     **MOTION TO STAY CASE** (Docket #110, filed July 29, 2013)

## I.     INTRODUCTION

On February 3, 2011, plaintiffs Jill Guido, a California resident, and Natalie Lefebvre, a Texas resident, commenced this action by filing a complaint against defendants L'Oréal, USA, Inc. and L'Oréal USA Products, Inc. (collectively "L'Oréal") in Case No. CV 11-1067 CAS (JCx).  Meanwhile, on February 4, 2011, plaintiffs Catherine Altamura, a California resident, and Lisa Pearly, a New York resident, filed a similar complaint in the United States District Court for the Southern District of New York against the same defendants.  On May 5, 2011, Altamura and Pearly voluntarily dismissed the New York action and refiled the action in this Court on June 30, 2011.  See Case No. CV 11-5465 CAS (JCx).  By order dated September 19, 2011, the Court consolidated the two cases for pretrial purposes.

On September 21, 2012, plaintiffs named Brittany Baisley and Stephanie Germann as new proposed class representatives for a putative New York Class, and named Juliane Hayes as the new proposed class representative for a putative California Class.  Dkt. #61.  Additionally, pursuant to a stipulation by the parties, plaintiffs submitted a First Consolidated Class Action Complaint ("FCAC") on November 16, 2012.  The FCAC asserts claims on behalf of putative classes of California and New York residents who purchased a L'Oréal hair care product known as Garnier Fructis Sleek & Shine Anti-Frizz Serum ("Serum").  The FCAC alleges seven claims for relief: (1) breach of implied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5465 CAS (JCx); Consolidated with CV 11-1067 CAS (JCx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL.; Consolidated with JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

warranty of merchantability, (2) breach of implied warranty of fitness, (3) violation of California Business and Professions Code § 17200 ("UCL"), (4) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, (5) false advertising under California Business and Professions Code § 17500 ("FAL"), (6) deceptive acts and practices pursuant to New York General Business law § 349, and (7) false advertising pursuant to New York General Business Law § 350.

On July 1, 2013, the Court granted in part and denied in part plaintiffs' motion for class certification. L'Oréal subsequently petitioned for interlocutory appeal of this order pursuant to Federal Rule of Civil Procedure 23(f). On July 29, 2013, L'Oréal filed a motion to stay this action pending resolution of its Rule 23(f) appeal. Plaintiffs filed an opposition on August 5, 2013, and L'Oréal filed a reply on August 12, 2013. On August 26, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 23(f) of the Federal Rules of Civil Procedure provides for the interlocutory appeal of orders granting or denying class certification. These appeals, however, do "not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). In considering whether to grant a stay pending the resolution of a Rule 23(f) appeal, the Court considers (1) likelihood of success on the merits of the appeal; (2) harm to the defendant in the absence of a stay; (3) harm to the plaintiff if the action is stayed; and (4) the public interest. Leiva-Perez v. Holder, 640 F.3d 962, 964-70 (9th Cir. 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); Gray v. Golden Gate Nat. Recreational Area, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011)

## III. DISCUSSION

Plaintiffs seek to represent two separate classes in this action: one composed of California purchasers of Serum, and the other composed of New York purchasers of Serum. After hearing plaintiffs' initial motion for class certification, the Court certified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5465 CAS (JCx); Consolidated with CV 11-1067 CAS (JCx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL.; Consolidated with JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

the New York class, but not the California class. As such, the New York class is ready to proceed to class notice and merits discovery, even as L'Oréal pursues its Rule 23(f) appeal. By contrast, no California class has been certified, and plaintiffs have indicated that they will renew their motion to certify the California class.

Given this state of affairs, both parties agree that some form of stay is appropriate while L'Oréal's Rule 23(f) appeal is pending. L'Oréal asks for the case to be stayed in its entirety until the Rule 23(f) appeal is resolved. Plaintiffs, by contrast, request a more limited stay which would only stay proceedings with respect to the New York class, while they renew their motion for certification of the California class. Under plaintiffs' preferred approach, the stay would terminate on the earlier of the California class being certified or the resolution of L'Oréal's Rule 23(f) appeal.

The Court finds that it is appropriate to stay this case pending the Rule 23(f) appeal, except that plaintiffs will be permitted to renew their motion to certify the California class. In reaching this conclusion, the Court considers the following four factors: (1) L'Oréal's likelihood of success on the merits of the appeal; (2) harm to L'Oréal in the absence of a stay; (3) harm to the plaintiffs if the action is stayed; and (4) the public interest. Leiva-Perez, 640 F.3d at 964-70.

First, the Court finds that L'Oréal has carried its burden to show likelihood of success on the merits of its appeal. In order to show that they are likely to succeed with their appeal, L'Oréal need not persuade the Court that the Court's prior decision was incorrect. Instead, L'Oréal only has to demonstrate that its appeal involves "serious legal questions." Leiva-Perez v. Holder, 640 F.3d at 964. Here, L'Oréal has appealed, among other things, the Court's application of Comcast v. Behrand, 133 S. Ct. 1426 (2013), to the statutory damages provision of N.Y. G.B.L § 349(h). The Court finds that the application of Comcast to a statutory damages provision is a "serious legal question[]." Comcast itself is a recent case, and the only Ninth Circuit precedents that analyze Comcast do not squarely address the legal questions at issue here. See, e.g., Leyva v. Medline Indus. Inc., 716 F.3d 510, 511 (9th Cir. 2013) (analyzing Comcast in the context of a wage-and-hour action). Because this is an unsettled area of law, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5465 CAS (JCx); Consolidated with CV 11-1067 CAS (JCx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL.; Consolidated with JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

L'Oréal's Rule 23(f) appeal has a sufficient likelihood of success to justify a stay. See Gray, 2011 WL 6934433 at *2 (N.D. Cal. Dec. 29, 2011).

The second factor asks whether L'Oréal would be harmed if this action is not stayed pending their appeal. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). L'Oréal argues that sending out classwide notification to the members of the New York class would unnecessarily damage its reputation if the New York class is decertified on appeal. It further argues that the current two-tracked format of this action will force it to simultaneously litigate certification for the California class and merits discovery for the New York class.

The Court finds that L'Oréal's concerns justify staying this case, except that plaintiffs should be permitted to renew their motion to certify the California class. Although L'Oréal could be seriously harmed if this case unnecessarily proceeded to class notification and merits discovery, the harms identified by L'Oréal are not implicated by plaintiff's renewed motion to certify the California class. In particular, because the New York class will be stayed in its entirety, class notice will not be distributed and L'Oréal will not be forced into piecemeal litigation while its Rule 23(f) appeal is pending. As such, the Court concludes that the second factor supports a limited stay.

The third factor turns on whether granting the stay will harm the plaintiffs. Here, plaintiffs have agreed that a stay of merits discovery and class notification is appropriate pending defendant's Rule 23(f) appeal and their own renewed motion for certification of the California class. Accordingly, the Court finds that the third factor favors a limited stay.

Finally, the fourth factor, which asks whether the stay is in the public interest, also supports a limited stay. By staying this action while defendant's Rule 23(f) appeal is pending, this Court avoids costly and potentially unnecessary litigation if the New York class is eventually decertified. At the same time, proceeding with plaintiffs' renewed motion to certify the California class will keep this case moving forward, and thus serve the interests of justice. See, e.g., Richards v. Ernst & Young LLP, C-08-04988 RMW,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5465 CAS (JCx); Consolidated with CV 11-1067 CAS (JCx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | CATHERINE ALTAMURA, ET AL. V. L'OREAL, USA, INC., ET AL.; Consolidated with JILL GUIDO, ET AL. V. L'OREAL, USA, INC., ET AL. | | |

2012 WL 92738 (N.D. Cal. Jan. 11, 2012) (finding that "delay can harm the public interest").

    Because all four factors support a limited stay, the court finds that this action should be stayed pending the resolution of L'Oréal's Rule 23(f) appeal. As discussed above, however, this stay will not apply to plaintiffs' renewed motion for certification of the California class and any discovery directly related to such renewed motion for class certification.

### IV. CONCLUSION

    In accordance with the foregoing, the Court GRANTS defendant's motion to stay proceedings. This stay shall not include plaintiffs' renewed motion for certification of the California class and any discovery directly related to such renewed motion for class certification.

    IT IS SO ORDERED.

|  |  | 00 | : | 02 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |